## HANNAH DE YOUNG v. ABRAHAM DE YOUNG.

Where the wife, in a suit against her husband for separation of property, alleges that she settled a dowry upon herself at the time of her marriage, she is bound to show affirmatively the truth of her allegations.

Where the marriage contract stipulates there shall be no community of gains, that the wife shall be at liberty to trade in any manner she shall deem requisite, and alienate and encumber her property as she shall see fit, and that the husband shall give a receipt by notarial act for such of her property as he shall receive, the property will be regarded as paraphernal, although other parts of the contract would characterize it as dotal; and to enable the wife to recover against the husband, she must prove that the property went into his hands.

APPEAL from the District Court of Jefferson, *Clark*, J. *Elmore* and *King*, for plaintiff. *T. S. McCay*, for intervenor. The judgment of the court was pronounced by

Rost, J. This is an action for separation from bed and board, on account of cruel treatment and outrageous conduct on the part of the husband.

The plaintiff avers that she settled upon herself, as dower, by her marriage contract, property and effects estimated at ten thousand dollars, which came into the hands and under the administration of the defendant, and are now in his possession. She asks judgment for ten thousand dollars against him, with mortgage and privilege.

The defendant pleaded the general issue.

*Bernard Yoste*, alleging himself to be a creditor of the defendant, intervened for the purpose of resisting the plaintiff's claim for the restitution of her dowry, on the grounds that the marriage contract was fraudulent and simulated, and that no part of the property of the wife ever came to the possession of the defendant. He prayed for a judgment against the said defendant for the amount due him, and that the marriage contract be declared null and void, and of no effect.

The judgment of the district court is in favor of the plaintiff against her husband, for a separation from bed and board, and against her on her claim for the restitution of her dowry. There is, also, a judgment in favor of the intervenor, against the defendant, for the amount of his claim and interest. The plaintiff has appealed against her husband only.

The judgment, so far as it decrees a separation from bed and board, is fully sustained by the evidence, and it is, in fact, not before us for adjudication. The only question presented by the appeal, is in relation to the plaintiff's claim for the restitution of her dowry.

Under the general denial, in the answer, it was incumbent upon the plaintiff to show, affirmatively, that she settled a dowry upon herself at the time of her marriage, and that her husband is responsible for it.

By dowry, are meant the effects which the wife brings to the husband to support the expenses of marriage. It is given to the husband, to be enjoyed by him as long as the marriage shall last, and the income of it belongs to him. Arts. 2327, 2329, C. C. He alone has the administration of it during marriage, and his wife cannot deprive him of it. C. C. 2330. The real-estate settled as dowry, is inalienable during marriage, unless the marriage contract contains a stipulation to the contrary. Let us test the dispositions of the marriage contract relied on by these rules, always remembering that, in relation to property, the law only regulates the conjugal association in default of particular agreements, which the parties are at liberty to stipulate as they please, provided they be not contrary to good morals, and do not infringe upon laws founded on motives of public order.

The future wife declares that she has seven children by her former husband, *L. H. Newton*, whose rights in the succession of their father have not been liquidated. She further declares, that she brings in marriage, wearing apparel, jewelry, money, household furniture, and other property, which she values at ten thousand dollars, with the reservation, that the appraisement made of the property shall not have the effect of transferring it to her husband.

If the contract stopped there, the property brought into marriage might properly be considered as dowry. But it goes on to provide, that there shall be no community of acquets and gains between the parties; that the future wife shall trade in any manner she shall deem requisite, and alienate and encumber her

DE YOUNG
*v.*
DE YOUNG.

property as she shall see fit, and that when her husband shall receive any property, money or effects, belonging to her, he shall acknowledge the same by a public act.

It is clear that, under this contract, the property of the wife was not placed in the possession of the husband to support the expenses of marriage. It remained in the possession, and under the exclusive control, of the wife, as paraphernal property, of which she retained the administration, and before she can recover it from her husband, she was bound to show that it came to his possession after the marriage. There is no evidence of that fact in the record. Some of the facts attending the execution of the marriage contract, throw great doubts upon the reality of the stipulations it contains. But it is unnecessary to determine the effect which those facts would have, if the case was, on its face, one of a constitution *de dot*.

As the plaintiff may have been led into error, by the belief that she was entitled to recover the amount claimed as dower received by her husband, and it may be in her power to show that some of the property held by her at the time of her marriage with him, in her own right, has been disposed of by him, or is now in his possession, her rights, in that respect, will be reserved.

It is therefore ordered, that the judgment in this case be amended, so as to reserve the rights of the plaintiff against her husband, for any paraphernal property alienated by him, or now in his possession. It is further ordered, that the judgment, as amended, be affirmed, and that the defendant pay costs in both courts.

---

## SAME CASE—ON A RE-HEARING.

Where a third person intervenes in a suit brought by the wife against her husband to recover her dotal and paraphernal rights, alleging in his petition of intervention, that the marriage contract is fraudulent, and the wife denies there was any consideration given for the notes on which the intervenor sues, but that it is a contrivance between the intervenor and her husband to defraud her, the intervenor is bound to prove the consideration and validity of the notes.

THE judgment of the court, on a re-hearing, was pronounced by Rost, J. Since the decision in this case, an appeal has been taken by the plaintiff against the intervenor, and a re-hearing having been granted, the two cases are now before us. Neither being in a situation to be finally determined, we will accede to the prayer of the appellant, that they be remanded.

Adhering as we do to the opinion, that, under the stipulations in the marriage contract, the property brought into marriage by the wife was intended to remain, and did remain, paraphernal, the plaintiff will thus have an opportunity of amending her pleadings, and of introducing such evidence as may be in her power, to substantiate a paraphernal claim.

We are also of opinion that, under the facts of the case, the intervenor should have shown the origin of his claim. He will have an opportunity of supplying this deficiency in the new trial. It is clear that he cannot maintain his intervention unless he is a *bonâ fide* creditor.

It is ordered, that the original judgment rendered in this case, so far as appealed from, be reversed, and the case remanded for further proceedings according to law, with leave to the parties to amend; the defendant paying the costs of this appeal.